### SAMUEL C. SHAPLEIGH *vs.* THOMAS WENTWORTH.

When a jury are rightly instructed by the court, that their verdict should be for the plaintiff, if they find two specific facts, and the jury return a verdict for the plaintiff, stating therein that they return such verdict on the ground that they find one of those facts, the court cannot order the verdict to be amended and entered as a general verdict for the plaintiff.

TROVER for household furniture. Writ dated August 3d 1844. At the trial in the court of common pleas, before *Washburn,* J. the plaintiff produced a mortgage of the articles described in his writ, made to him by A. T. Bruce, dated December 9th 1843, to secure a note for $109, made by said

Bruce to him, bearing the same date, and payable in thirty days.

The defendant justified the taking of the said articles, as an officer, by virtue of a writ against said Bruce, in favor of one Wheeler, his creditor, in which the defendant attached said articles, on the 15th of July 1844. And he admitted that the plaintiff, after the defendant attached the articles, seasonably gave the defendant notice of the mortgage, and the amount due on the note, and duly demanded of him payment of that amount, pursuant to the Rev. Sts. *c.* 90, § 79.

Three questions were raised in the case, in regard to which evidence was introduced. The first was, whether the mortgage was *bona fide*, or fraudulent as against Bruce's creditors. The second related to Bruce's place of business, and whether the mortgage, in order to its validity, as against third persons, ought, by *St.* 1843, *c.* 72, § 2, to have been recorded in Lowell, as well as in Dracut, where Bruce lived, and where it was recorded. The third question arose upon the following testimony: A witness for the defendant testified, and the fact was not controverted, that in the forenoon of the day on which Wheeler's writ was made and served, (July 15th 1844,) the present plaintiff, having learned that Bruce " had gone into insolvency," went into Bruce's house, where the mortgaged property was, to find said property, and opened drawers, and, in the language of the witness, " made havoc amongst it," and exercised such control over it as he pleased; but the testimony did not show whether he retained possession of it till Wheeler's writ was served, or went away, leaving it in Bruce's possession. The testimony further tended to show that Wheeler lived in the house with Bruce, and knew of the mortgage, and what the plaintiff had done, as above, before he sued out his said writ.

The plaintiff's counsel contended, that if Wheeler knew of the existence of the mortgage, before suing out his writ, he could not contest its validity, on account of its not having been properly recorded.

The judge instructed the jury, that " if they found the

mortgage fraudulent, they should return a verdict for the defendant: That if Bruce's principal place of business was in Lowell, the recording of the mortgage in Dracut was not sufficient to give effect to it as a mortgage legally recorded: That if the mortgage was legally recorded, it was equivalent to a delivery of the mortgaged property, so as to give full effect to the mortgage; but if it was not so recorded, it did not take effect without some delivery of the property under it; and that a mere knowledge, by a creditor, that it had been executed, would not give it effect, so as to defeat such creditor's attachment of the property included in it: That if Shapleigh, the mortgagee, took actual possession of the mortgaged property, under his mortgage, before the property was attached by Wheeler, and Wheeler knew of the mortgage, and that Shapleigh had possession of the property, at the time of the service of his writ, the mortgage would have the same effect, as respected such attachment, as if it had been duly recorded prior to that time."

The jury retired in the early part of the evening of the day of the trial, and the officer was directed, by the judge, to suffer them to separate, after having agreed upon and sealed up their verdict. This they did, and returned into court, the next morning, with a sealed verdict, which, upon being opened, was found to be in the following form: "The jury have agreed to render a verdict for the plaintiff, on the ground that Mr. Wheeler was knowing to the existence of the mortgage, before the attachment; and render the amount due to the plaintiff, ninety nine dollars and forty five cents."

The plaintiff thereupon moved, that the jury be instructed to retire and bring in a verdict for the plaintiff, or defendant, according to the instructions they had received; or that they be directed to return a general verdict for the plaintiff, upon the foregoing finding; or that judgment should be rendered upon it, as a general verdict. The defendant objected. The judge, not deeming himself authorized to commit the case again to the jury, under instructions, inasmuch as they had been permitted to separate, directed the verdict to be amended

so as to be in the form of a general verdict for the plaintiff; which was done, and the verdict, so amended, was affirmed and recorded. To this proceeding the defendant alleged exceptions.

*B. F. Butler*, for the defendant. A verdict must find all the material matters in issue, or it cannot stand. 6 Dane Ab. 236. *Easton* v. *Collier*, 1 Missouri Rep. 421. In the present case, the verdict has not found facts sufficient to sustain it under the instructions of the court. The *St.* of 1843, c. 72, § 2, requires that a mortgage of goods shall be recorded in two towns, in certain cases. The jury have not passed upon that fact. Besides; there was no evidence that the plaintiff ever had possession of the mortgaged property; and the jury have not found that he had. They have only found that "Wheeler was knowing to the existence of the mortgage, before the attachment." This fact alone does not warrant a verdict for the plaintiff.

A special verdict cannot be enlarged by construction. *Lawrence* v. *Beaubien*, 2 Bailey, 623. *Little* v. *Larrabee*, 2 Greenl. 37.

*J. G. Abbott*, for the plaintiff. The court can amend a verdict, and "work it into form," if it can be understood, and enter it as a general verdict. Before a verdict, which is out of the common form, is affirmed, there is always a discussion between the judge and the jury, and the jury's meaning is ascertained. See *Foster* v. *Jackson*, Hob. 54. *Porter* v. *Rummery*, 10 Mass. 64. *Hawks* v. *Crofton*, 2 Bur. 698. *Ropps* v. *Barker*, 4 Pick. 242.

The *St.* of 1843, c. 72, as to recording a mortgage in the town where the mortgagor principally transacts his business, as well as in the town where he resides, is merely directory. Notice of the mortgage is sufficient; actual notice being better than constructive notice by the record. See *Carrington* v. *Smith*, 8 Pick. 419. *Adams* v. *Wheeler*, 10 Pick. 199.

The court of common pleas, in ordering the verdict to be entered as a general verdict, exercised a discretionary power

with which this court will not interfere. *Whitney* v. *Thayer,* 5 Pick. 528.

*Butler,* in reply. In *Roberts* v. *Rockbottom Co.* 7 Met. 46, this court interfered with the exercise of the discretionary power of the court of common pleas to work a verdict into form.

SHAW, C. J.   Without deciding the question, whether an unrecorded mortgage of personal property is valid against an attaching creditor with notice, the court are of opinion that this verdict cannot be sustained.

The verdict, as first returned, was not such as to warrant a direction to the jury to change their finding, as of course, into a general verdict for the plaintiff.   They had been directed, that if the attaching creditor had actual notice, and if the mortgagee took actual possession before the attachment, and retained it till the property was attached, they should find for the plaintiff.   The jury returned the first fact, that the attaching creditor had notice, and said nothing of the other, viz. whether the mortgagee took and retained possession.   Without the latter, it is very clear that the mortgage could not be valid ; and that it afforded no authority to enter a general verdict for the plaintiff.   See *Travis* v. *Bishop,* (*ante,* 304.)

*Verdict set aside, and a new trial ordered.*